## MIDDLETON & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

No. 68 (3,985).

CUSTOMS DUTIES—CLASSIFICATION—ARROWROOT—STARCH.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 285, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653], for "preparations * * * fit for use as starch," *held* to include arrowroot in its starchy form.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In the decision below the Circuit Court affirmed without opinion a decision of the Board of United States General Appraisers (G. A. 5,995 [T. D. 26,234]), in which a majority of the Board affirmed the assessment of duty by the collector of customs at the port of New York.

The article in controversy was described by the Board as being commercially known as arrowroot, consisting of a fine floury form of starch extracted from the tubers or roots of the arrowroot plant, and being chiefly used for infants' food and to some extent in making medicinal preparations. The Board further stated that it was chemically a starch, and that, though there was no evidence that it is used for laundry purposes, it appeared that it might be so used.

It was classified under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 285, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653], relating to "starch, including all preparations, from whatever substance produced, fit for use as starch," and was claimed by the importers to be free of duty under paragraph 478 (30 Stat. 195 [U. S. Comp. St. 1901, p. 1680]), as "arrowroot in its natural state and not manufactured," or to be dutiable under section 6 (30 Stat. 203 [U. S. Comp. St. 1901, p. 1693]), as an unenumerated manufactured article. These contentions were overruled by the Board; the article being held dutiable as classified, by similitude, under section 7 of said act. On appeal from the Board the only contention made was that assessment should have been under said section 6. In the Circuit Court the Board's decision was affirmed by consent, without argument.

Comstock & Washburn (Albert H. Washburn, of counsel) for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. In affirming the decision of the court below and of the Board of General Appraisers, we do not mean to decide that the importations in controversy (arrowroot in its starchy form) were not dutiable directly under paragraph 285 of the tariff act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653], as a "preparation fit for use as starch." The Board held them dutiable under that paragraph indirectly by similitude. Whether this reasoning was sound or not, a correct result has been reached.